IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE,<br>710 N. Sixth St.<br>Boise, Idaho 83702<br><br>FRIENDS OF THE CLEARWATER,<br>116 E. Third St., Suite 211<br>Moscow, Idaho 83843<br><br>MARK SOLOMON,<br>4323 Moscow Mountain Rd.<br>Moscow, Idaho 83843<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN L. JOHNSON, in his official<br>Capacity as Administrator, United States<br>Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460,<br><br>Defendant. | Civil No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1. Plaintiffs Idaho Conservation League, Friends of the Clearwater, and Mark Solomon, challenge the failure of Defendant Stephen L. Johnson, in his official capacity as Administrator of the Environmental Protection Agency ("EPA"), to perform his non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for

COMPLAINT -- 1

Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition seeking EPA's objection to the Title V Clean Air Act operating permits for Potlatch Forest Products Corporation's Lewiston, Idaho facility, issued by the Idaho Department of Environmental Quality. Such petition was dated February 5, 2003; and EPA received the petition on February 7, 2003. Despite the passage of over 60 days, Defendant has not responded to Plaintiffs' petition.

## II. JURISDICTION, VENUE AND NOTICE

2.  This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claim set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2); and has authority to award attorney fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act is a federal statute. Thus, this Court also has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. § 1331 (federal question). An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

3.  A substantial part of the alleged events or omissions giving rise to Plaintiffs' claim occurred in the District of Columbia. In addition, Defendant Stephen Johnson officially resides in the District of Columbia. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

COMPLAINT -- 2

4. On October 24, 2006, Plaintiffs mailed a letter via certified mail to Defendant Stephen L. Johnson stating that Plaintiffs intended to sue Defendant for failure to respond to Plaintiffs' petition for an objection to the Potlatch permits within 60 days. On December 13, 2006 EPA sent Plaintiff a letter confirming EPA received Plaintiffs' letter dated October 24, 2006, and assigned Plaintiffs' letter Citizen Suit No. NCS-06-21.

5. More than 60 days have passed since Defendant received Plaintiffs' notice of intent to sue letter. Defendant has not acted to remedy the violations alleged in this Complaint. Therefore, an actual controversy exists between the parties.

### III. PARTIES

6. Plaintiff IDAHO CONSERVATION LEAGUE (hereinafter "ICL") is an Idaho non-profit membership conservation organization. ICL and its members are dedicated to protecting and conserving Idaho's natural resources, including ensuring clean air to protect human health and environmental values in Idaho. ICL's mission is to protect and restore the clean water and air, wildlands, and wildlife of Idaho. ICL, as an organization and on behalf of its members, is greatly concerned with protecting air quality in Lewiston, Idaho, and the Clearwater River valley. ICL and its members are active in public education and administration of conservation issues in Idaho, including air quality and the protection of human health.

7. Numerous ICL members use and enjoy the Snake and Clearwater Rivers in close proximity to Lewiston, for fishing, boating, birdwatching, and other recreational activities, as well as for scientific purposes. Numerous ICL members reside in the City of Lewiston.

8. Plaintiff FRIENDS OF THE CLEARWATER ("FOC") is a non-profit

COMPLAINT -- 3

conservation group, based in Moscow, Idaho. FOC is dedicated to the conservation of natural resources in the Clearwater basin. FOC has participated extensively in agency proceedings concerning Potlatch's Lewiston facility. FOC, as an organization and on behalf of its members, is greatly concerned with protecting air quality in Lewiston, Idaho, and the Clearwater River valley. FOC and its members are active in public education and administration of conservation issues in Clearwater River valley, including air quality and the protection of human health.

9. Numerous FOC members use and enjoy the Snake and Clearwater Rivers in close proximity to Lewiston, for fishing, boating, bird watching, and other recreational activities, as well as for scientific purposes. Numerous FOC members reside in the cities of Lewiston, Idaho, and Clarkston, Washington.

10. Mark Solomon is an individual residing in Moscow, Idaho. Mr. Solomon is an avid outdoor enthusiast. Mr. Solomon is deeply concerned about air quality and its effects on the health and welfare of people, plants, and animals. Mr. Solomon regularly visits Lewiston, Idaho (which is approximately 25 miles from his home) and utilizes public trails along the Clearwater River in very close proximity to the Potlatch facility for health and recreational purposes. In addition, Mr. Solomon serves as an appointed member of Idaho DEQ's Clearwater Basin Advisory Group.

11. EPA's failure to respond to Plaintiffs' petition adversely affects Plaintiffs, as well as the individual members of Plaintiffs ICL and FOC on behalf of whom those organizations advocate. Pollution from the Potlatch facility has a significant impact on air quality in Lewiston, Idaho and in the Clearwater River valley both up and downstream from Lewiston, Idaho. Mr. Solomon and members of ICL and FOC are adversely

affected by pollution from the Potlatch facility because such pollution impairs visibility, endangers their health, impairs water quality and has other adverse impacts, and because such pollution diminishes their enjoyment of these areas. Further, all Plaintiffs invested time and resources in preparing the petition. However, Plaintiffs will not realize the benefit of this investment, including the benefit of obtaining information in the form of a response, until EPA responds to their petition. Thus, Plaintiffs' scientific, educational and informational interests in the petition are adversely affected by EPA's failure to timely respond to the petition.

12.   Plaintiffs' interests in protecting air quality are adversely affected by EPA's failure to timely respond to their petition. Moreover, if the Potlatch Corporation's Lewiston facility does not comply with the Clean Air Act, Mr. Solomon and members of ICL and FOC will be exposed to pollutants from those facilities which are in excess of legal levels. EPA's failure to respond thus prevents Plaintiffs from being certain that the Title V permits for the Potlatch facility protect them and their members from exposure to pollutants emitted by that facility which are in excess of legal limits.

13.   EPA's failure to respond to Plaintiffs' petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries, which are traceable to EPA's failure to act and will be redressed by EPA's action.

14.   Defendant STEPHEN L. JOHNSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Plaintiffs' petition within 60 days. Mr. Johnson is sued in his official capacity.

COMPLAINT -- 5

## IV. LEGAL BACKROUND

### Title V

15. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act created an operating permit program that applies to all major sources of air pollution – the Title V permit program. See 42 U.S.C. §§ 7661-7661f.

16. A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to a source of emissions. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

17. The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator has approved Idaho's Title V permit program. The Idaho Department of Environmental Quality ("Idaho DEQ") is responsible for issuing Title V permits in Idaho.

18. Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). However,

COMPLAINT -- 6

EPA does not review most proposed Title V permits forwarded to it by state permitting agencies.

19. After EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the Title V permit. 42 U.S.C. § 7661d(b)(2).

20. Once it receives a petition for objection to a Title V permit, EPA must grant or deny that petition within 60 days. Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

## VI. STATEMENT OF FACTS

21. Potlatch Forest Products Corporation owns and operates a large wood and paper products processing and manufacturing facility in Lewiston, Idaho ("the Potlatch facility"). The Potlatch facility includes (a) the Clearwater Wood Products Division, which processes trees into lumber, siding, and similar wood products; (b) the Idaho Pulp and Paperboard Division, which process wood into bleached pulp and bleached paperboard for packaging and containers; and (c) the Consumer Products Division, which produces paper products such as napkins and paper towels. These three divisions are contiguous, jointly owned, and support each other in numerous ways.

22. The Potlatch facility emits volatile organic compounds, nitrogen oxides, particulate matter, sulfur dioxide, carbon monoxide and hazardous air pollutants.

23. On August 1, 2002 the Idaho DEQ published a Notice of Public Comment Period on a draft Title V permit for Potlatch's Clearwater Wood Products Division. On September 23, 2002, Idaho DEQ published a Notice of Public Comment Period on draft Title V permits for the Idaho Pulp and Paperboard Division and Consumer Products Division.

COMPLAINT -- 7

24. On September 4 and September 6, 2002, Plaintiff Mark Solomon submitted written comments to Idaho DEQ on the draft Title V permit for Potlatch's Clearwater Wood Products Division. On October 23, 2002, Plaintiff Mark Solomon submitted comments to Idaho DEQ on the draft Title V permit for Potlatch's Idaho Pulp and Paperboard Division and Consumer Products divisions. The written comments criticized the draft permits because the Clean Air Act requires all of Potlatch's contiguous and adjacent facilities be aggregated into one Title V permit.

25. On December 10, 2002 Idaho DEQ approved the final Title V permit for the Potlatch Clearwater Wood Products division. Idaho DEQ published notice of such approval on December 12, 2002. On December 17, 2002 Idaho DEQ approved the final Title V permits for the Potlatch Idaho Pulp and Paperboard Division and Consumer Products Division, and published notice of such approval on December 23, 2002. Together, these Title V permits are referred to as the "Potlatch permits."

26. EPA did not object on its own initiative to the Potlatch permits during its 45-day review periods following their approval in December 2002.

27. Pursuant to 42 U.S.C. § 7661d(b)(2), on February 5, 2003, Plaintiffs timely submitted their petition to EPA seeking EPA's objection to the Potlatch permits. The EPA Administrator's office received Plaintiffs' petition on February 7, 2003.

28. Plaintiffs' petition raised the issue of Idaho DEQ's failure to aggregate all the Potlatch operations in Lewiston, Idaho into a single Title V permit, as required by the Clean Air Act. This argument was raised specifically in comments to Idaho DEQ during the public comment period for the Potlatch permits.

29. As of the date of filing of this Complaint, EPA's online database lists Plaintiffs' petition as dated February 7, 2003, and lists the petition's status as "pending."

30. EPA had until on or about April 9, 2003, to grant or deny Plaintiffs' original petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within the statutory 60 day period. EPA still has not granted or denied the petition as of date of filing this Complaint.

## VII. CLAIM FOR RELIEF

FAILURE TO RESPOND TO PLAINTIFFS' PETITION FOR OBJECTION TO THE POTLATCH CLEARWATER WOOD PRODUCTS, IDAHO PULP AND PAPERBOARD DIVISION, and CONSUMER PRODUCTS DIVISION TITLE V PERMITS
(42 U.S.C. § 7661d(b)(2))

31. Each allegation set forth in the Complaint is incorporated herein by reference.

32. EPA has a mandatory duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Potlatch permits pursuant to 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed").

33. It has been more than 60 day since EPA received Plaintiffs' petition requesting EPA object to the Potlatch permits.

34. Defendant has not granted or denied Plaintiffs' petition regarding the Potlatch permits.

35. Defendant's failure to grant or deny Plaintiffs' petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

COMPLAINT -- 9

36. Therefore, EPA has violated, and remains in violation of, its non-discretionary duty to grant or deny Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

A) Declare that Defendant's failure to grant or deny Plaintiffs' petition for an objection to the Potlatch permits constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of 42 U.S.C. § 7604(a)(2);

B) Order the Defendant to grant or deny Plaintiffs' petition for an objection to the Potlatch permits in accordance with an expeditious schedule prescribed by the Court;

C) Retain jurisdiction over this action to ensure compliance with the Court's Order;

D) Award Plaintiffs their costs of litigation, including reasonable attorney fees; and

E) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
435R Chestnut Street, Ste. 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

Counsel for Plaintiffs

DATED: February 22, 2007.

COMPLAINT -- 10

<u>Of Counsel:</u>

William M. Eddie (Oregon State Bar No. 066860)
Advocates for the West
610 SW Alder St., Suite 910
Portland, OR 97205
Tel: (503) 542-5245
Fax: (503) 225-0276
E-mail: beddie@advocateswest.org

COMPLAINT -- 11

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

C 396 RBW

## I (a) PLAINTIFFS

Idaho Conservation League
Friends of the Clearwater, and
Mark Solomon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut St, Ste 1
Berea, KY 40403 (859) 986-5402

## DEFENDANTS

Stephen L. Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER  1:07CV00396

JUDGE: Reggie B. Walton

DECK TYPE: Administrative Agency Review

DATE STAMP: 02/26/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Clean Air Act Citizen Suit, 42 U.S.C. § 7604

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/21/07 2/22/07   SIGNATURE OF ATTORNEY OF RECORD _____

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.